```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HELEN RUTH HUGO, : | |
| : | Civil Action No. 12-1843 (RMB) |
| Petitioner, : | |
| v. : | **MEMORANDUM OPINION AND ORDER** |
| MICHELE SAVAGE, : | |
| Respondents. : | |

This matter comes before the Court upon the Clerk's receipt of a habeas petition, executed pursuant to 28 U.S.C. § 2241, and it appearing that:

1. The submission is executed in the name of Helen Ruth Hugo ("Hugo") and fashioned as a submission produced pro se. See, generally, Docket Entry No. 1. However, the submission, while having the signature reading "Helen Hugo," bears no date, see id. at 9, and the body of the main document, styled as a habeas petition, refers to Hugo not as "Petitioner" or "I/me," but as "Helen Hugo" or "HH." See, generally, Docket Entry No. 1. Moreover, the submission designates Hugo's address "Meadowview Nursing Home, 7234 Belmont Ave[nue,] Mays Landing, NJ 08330."

2. The submission indicates that Hugo is an 81-year-old individual who used to reside at 114 West Arctic Ave, apartment 108, Minotola, New Jersey. See Docket Entry No. 1-1, at 4. It appears that Hugo caught the eye of the State's

Adult Protective Services after a certain disarray in her financial affairs and her failure to consume her medications came to light.  See, generally, Docket Entry No. 1-1.  It also appears that this development caused Hugo to be taken into the custody of the State, upon the entry of an order issued by Judge William C. Todd III ("Judge Todd") of the Superior Court of New Jersey, Probate Part.  Pursuant to Judge Todd's order, a guardian and legal counsel were appointed to Hugo (to assist her in administration of her affairs and to represent her in her upcoming competency and commitment hearing),[1] and Hugo was placed in Meadowview Nursing Home.  See, generally, Docket Entries Nos. 1 and 1-1.  It also appears that Hugo's niece, who apparently had her power of attorney ("POA") since 2008, lost her POA authority upon the entry of Judge Todd's order, thereby losing her contact with Hugo.  See Docket Entry No. 1-1.  Subsequently, Hugo's retained legal counsel who conveyed to the State the niece's desire to curtail Hugo's medication at Meadowview but noted that his client was "not particularly averse to the idea of someone else handling [Hugo's] financial affairs."  Docket Entry No. 1-1, at 1-3, but see Docket Entry No. 1-4 (indicating that, later on, Hugo's niece was ordered to account for her administration of Hugo's finances, and it

---

[1] See Docket Entry No. 2 (verifying the same).

       was discovered that the niece's administration of her aunt's financial affairs lacked bookkeeping records).

3. The voluminous body of exhibits attached to the document styled as the petition includes copies of legal and private correspondences, Judge Todd's orders (bearing hand-written notations of some person who was expressing his/her opinions that Judge Todd's orders were legally deficient), multitude of photos (of, presumably, Hugo and her apartment), advertisement of a certain medical alert service that could be employed at one's home, invoices of certain purchases, Hugo's blank check, the outdated POA, inventory of Hugo's possessions, letter from a person who appear to be another resident of Meadowview, some medical records, a periodical dedicated to the issues of elder care, an ethics complaint, Hugo's recent psychiatric evaluation (conducted, seemingly, upon Judge Todd's order in preparation for Hugo's competency/commitment hearing), etc.[2] See Dockets Entries Nos. 1-1 to 1-9.

4. The key document, styled as Hugo's petition, seeks the following remedy from this Court: "[r]elease Helen Hugo from

---

[2] Additional documents, styled as "exhibits" in support of the Petition at bar, were later filed by the person who commenced this action; these filings too were made on behalf of Hugo. See Docket Entries Nos. 3 and 4. While the Court has no means to determine the filer's true identity (and, thus, the Court can neither rule out that these filings were made by Hugo's niece nor establish the same with any degree of certainty), it appears that Hugo was *not* the individual who made these filings.

       the custody & control of Atlantic County and Meadowview Nursing Home." Docket Entry No. 1, at 8.

5. The Court surmises, from the aforementioned record, that the submission at bar: (a) attempts to convince this Court that Judge Todd's selections of guardians and/or counsel for Hugo were imperfect, and that Hugo would be better if she were released into the care and custody of her niece who used to have POA from Hugo; and (b) speculates that, in the event Judge Todd orders Hugo's civil commitment, such order might be unconstitutional because the draftor of the submission at bar is of the opinion that Judge Todd's prior orders were deficient, either constitutionally or due to operation of certain state law provisions. See Docket Entries Nos. 1 and 1-1 to 1-9.

6. If – in light of: (a) the language utilized in the petition, (b) the overall style of the submission, and (c) the self-evident inconsistency in addresses – this Court were to hypothesize that a certain third party executed the submission at bar (falsely presenting it as Hugo's own submission),[3] then

---

[3] While the submission at bar indicates that Hugo's recent affairs caused involvement of numerous legal counsel, this Court has no reason to presume that any legal counsel prepared the documents at bar, falsely representing that these documents were prepared by Hugo herself. Rather, it appears that the submission at bar was prepared by a layperson having no legal training, who might or might not have a relationship to Hugo.

this matter is subject to dismissal for lack of standing.[4] Indeed, this submission can be executed only by Hugo herself or by Hugo's legal guardian acting through Hugo's counsel. Accord Fed. R. Civ. P. 17(c) (applying to civil matters analogous, in their gist, to this habeas action); see also Powell v. Symons, 2012 U.S. App. LEXIS 6467 (3d Cir. Mar. 30, 2012) (discussing the same).

7. Alternatively, if this Court were to hypothesize that Hugo herself executed the Petition at bar, her Petition is subject to dismissal, without prejudice, as unexhausted.

8. Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.§ 2254 (1977).

---

[4] This Court finds itself ethically obligated to direct service of this Memorandum Opinion and Order upon Judge Todd (for informational purposes only) and upon the Office of Attorney General for the State of New Jersey (for the agency's independent evaluation of whether the submission at bar is indicative of wrongful undertaking that could cause harm to Hugo's welfare or property).  See Wright v. United States, 2007 U.S. Dist. LEXIS 15237, at *1 (E.D. Cal. Mar. 2, 2007) ("While reviewing and researching the instant Petition, it became clear to this Court that a document attached to the Petition and relied upon by the petitioner had questionable authenticity. . . . It is not the Court's function to pursue the matter, but it is the duty of the Court to report such suspicious activity to the proper governmental agency for their independent analysis"); accord New Jersey Disciplinary Rules of Professional Conduct, Rule 1.6(b) (imposing the obligation to "reveal [the] information [received in the course of litigation] to the proper authorities [in order] to prevent . . . another person from committing a criminal, illegal or fraudulent act that . . . is likely to result in death or substantial bodily harm or substantial injury to the financial interest or property of another").

      Rule 4 provides, in relevant part, that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  Petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (reflecting on the Rule).

9. Generally, "federal habeas corpus is substantially a post-conviction remedy." Moore v. De Young, 515 F.2d 437, 441 (3d Cir. 1975).  However, federal district courts do have limited jurisdiction, under 28 U.S.C. § 2241(c)(3), to issue a writ of habeas corpus to pre-trial detainees or convicted individuals who did not complete their appellate processes. See id.  That being said, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."  Id. at 443; see also Calihan v. Superior Court, 158 F. App'x 807 (9th Cir. 2005) (absent special circumstances, "[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).  It is only when a habeas petitioner faces the threat of suffering irreparable harm that

federal court intervention could be justified.[5]  See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983).  Indeed, the habeas corpus remedy afforded to state inmates is not meant to operate as an invitation "to argue state law issues pre-trial in a federal forum."  Green v. Commonwealth of Pennsylvania, 1993 U.S. Dist. LEXIS 8735, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

10. There is nothing in the Petition at bar to suggest that Hugo is unable to litigate the merits of her present claims through her guardian, and – if unsatisfied with the outcome of that hearing – to present her claims to the New Jersey appellate courts.  The record clearly indicates that she has been provided with guardian(s) and legal counsel, and Judge Todd's orders (as well as Hugo's recent extensive medical evaluation) indicate that Hugo's situation has been given not only every

---

[5] Cf. Younger v. Harris, 401 U.S. 37 (1981) (holding that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances); Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992) (same).  The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Id.  Since the State has important interest in ensuring Hugo's welfare, and there are ongoing state proceedings that allow Hugo full access to protections of law, this Court is obligated to abstain within the meaning of the Younger test.

protection of law but also a thoughtful and careful review by the state courts and experts retained for the purposes of state proceedings.  Meanwhile, the submission at bar invites this Court to second-guess the state court's decisions.  The Court declines to do so.  Thus, the Petition at bar will be dismissed, without prejudice, as facially unexhausted.

IT IS, therefore, on this **18th** day of **October 2012**,

**ORDERED** that the submission at bar, Docket Entry No. 1, is dismissed without prejudice, as unexhausted; and it is further

**ORDERED** that the Clerk shall serve, by regular U.S. mail, a copy of this Memorandum Opinion and Order upon Judge William C. Todd III, at the Superior Court of New Jersey, Chancery Division, Probate Part, Atlantic County, 1201 Bacharach Boulevard, Atlantic City, New Jersey 08401, accompanying such service with a notation reading, "SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY IN CONNECTION WITH In Re HELEN HUGO, NJ SUPERIOR COURT DOCKET No. 106733"; and it is further

**ORDERED** that the Clerk shall serve, by regular U.S. mail, a copy of this Memorandum Opinion and Order, as well as copies of all documents docketed in this matter, upon the Office of the Attorney General for the State of New Jersey, accompanying such service with a notation reading, "SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY TO ALLOW FOR THE AGENCY'S INDEPENDENT EVALUATION OF THE DOCUMENTS INCLUDED"; and further

**ORDERED** that the Clerk shall serve, by regular U.S. mail, a copy of this Memorandum Opinion and Order upon Barbara S. Lieberman, Esq., an attorney appointed to act as Hugo's guardian, accompanying such service with a notation reading, "SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY"; and it is finally

**ORDERED** that the Clerk shall serve, by regular U.S. mail, this Memorandum Opinion and Order upon the person who submitted the instant application, addressing it "TO THE RESIDENT OF 7234 BELMONT AVENUE, MAYS LANDING, NEW JERSEY 08330," and close the file on this matter.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB,**
**United States District Judge**